<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIC RICHARD,<br><br>      Plaintiff,<br><br> v.<br><br><br>JOHN E. POTTER,<br>Postmaster General of the United States<br><br>      Defendant. | Civil Action No. 05-5655  (KSH)<br><br><br><u>OPINION</u> |

**KATHARINE S. HAYDEN, U.S.D.J.**

### I.  Introduction

  The United States has brought a motion to dismiss pursuant to Fed R. Civ. P 12(b)(6) on the grounds that the plaintiff, Eric Richard ("Richard"), failed to satisfy an administrative prerequisite to filing a Title VII action.  The plaintiff, appearing *pro se*, has brought a motion "To Throw Out the August 2, 2005 Grievance Settlement."

  Initially, the Court notes that both parties have attached exhibits to their briefs.  In a motion to dismiss courts generally only consider the allegations contained in the complaint. <u>Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). A court may consider other documents if they are either attached to the complaint or referred to in the complaint and central to the plaintiff's claim.  <u>Pryor v. National Collegiate Athletic Ass'n.</u>,

288 F.3d 548, 560 (3d Cir.2002). The exhibits submitted with this motion do not fit any of these categories, and are therefore inappropriate for consideration at this stage.

## II.  Background

Richard, an employee of the U.S. Postal Service ("USPS"), was involved in an altercation with another employee on April 5, 2005 (hereinafter "the altercation"). (Compl.) As a result, within hours, the USPS placed him on "non-work/nonpay status." (Id.) On June 13, 2005, he returned to work, and eight days later he contacted a counselor with the USPS's Office of Equal Employment Opportunity Compliance and Appeals (EEO), complaining that the USPS had discriminated against him by punishing him more than similarly situated employees. (Id.) On December 1, 2005, Richard filed the instant complaint in this Court *pro se*. (Id.)

## III.  Standard

In deciding a motion to dismiss under Rule 12 (b)(6), the Court must "accept all well-pleaded allegations in the complaint as true and [] draw all reasonable inferences in the favor of the non-moving party." In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 215 (3d Cir. 2002). "The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." Id. When a motion to dismiss involves a *pro se* plaintiff the court must find that it is clear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982)(citations omitted).

## IV.  Discussion

**A. Defendant's Motion to Dismiss**

The United States argues that the complaint should be dismissed for two reasons: because

Richard failed to present his claims of discrimination to an EEO counselor within the requisite 45-day period, and because he failed to state in his complaint that he satisfied all of the administrative prerequisites for filing a Title VII action.

A USPS employee must contact an EEO counselor within 45 days of an alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1). This requirement is similar to a statute of limitations and the failure to comply with it may render a claim time-barred. Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997). The United States asserts that the discriminatory act that Richard complained of is his placement on emergency suspension, and this means Richard's claim is time barred because he met with an EEO counselor more than 45 days after the date he was placed on suspension. (Defendant's Brief in Support of Motion to Dismiss 7- 8.) Richard counters that the discriminatory act was not the emergency suspension, but rather what USPS did during the grievance process. (Plaintiff's Brief in Opposition to Motion to Dismiss 2.)

The Third Circuit discussed the appropriate analysis for determining when a cause of action under Title VII accrues in Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380 (3d Cir 1994). The accrual date "is the date on which the plaintiff discovers that he or she has been injured." Id. at 1385. The court stated that in some cases a plaintiff will learn of an unlawful employment practice at the very moment it occurs, but in other cases the plaintiff will not learn of an unlawful employment practice until sometime after it has occurred. Id. In the latter scenario, the discovery rule will postpone the beginning of the statutory limitations period from the date when the alleged unlawful employment practice occurred, to the date when the plaintiff discovered or should have discovered that s/he was injured. Id.

Richard's complaint alleges that "other employees differing in race were responded to

very differently" with regard to the punishment for similar incidents.  This allegation indicates that the alleged discriminatory conduct is unequal punishment imposed on Richard, not his initial placement on emergency suspension.   As such, the statute of limitations period did not begin to run until Richard either became aware or should have become aware that he received an unequal punishment.  Based on the limited record before the Court, it is unclear when this happened.

At this juncture, then, the Court will not grant the defendant's motion to dismiss on grounds that Richard's claim is time barred.

The United States also argues that Richard failed to fulfill a pleading requirement in this Circuit by asserting in his complaint that he satisfied the administrative prerequisites to filing a Title VII action.  "A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII:  prior submission of the claim to the EEOC (or a state conciliation agency) for conciliation or resolution."  Hornsby v. USPS, 787 F.2d 87, 90 (3d Cir. 1986).  However, the Court has an obligation to construe *pro se* submissions "liberally to ensure that rules of pleading, sometimes thorns in the side of the most studied practitioner, do not subvert a litigant's opportunity for judicial remediation of wrongful conduct."  Metsopulos v. Runyon, 918 F.Supp. 851, 857 (D.N.J. 1996).  In the complaint Richard stated that he filed an EEO complaint and "exhausted every avenue available to him so that things could be settled before this would be brought in front of the U.S. District Court." (Compl.)  The Court finds that this is a sufficient statement that he has satisfied the administrative requirement.

## B.  Plaintiff's Motion to "Throw Out" the Grievance Settlement

August 30, 2006, Richard filed a motion to "throw out" the grievance settlement he

reached with the USPS.  The opposition by the USPS does not address the merits.  Whatever connection plaintiff's motion may have with the substantive issues in his lawsuit is unclear at this stage of the litigation, and as a consequence, the motion is denied as untimely brought.

### V.  Conclusion

For the foregoing reasons, both the defendant's motion to dismiss and the plaintiff's motion to throw out the grievance settlement are denied.  An appropriate order will be entered.

/s/   Katharine S. Hayden
KATHARINE S. HAYDEN
United States District Judge

Dated: January 18, 2007